## Louisville Railway Co. v. Wehner.

## Louisville Salvage Corps v. Wehner.

(Decided March 28, 1913.)

### Appeals from Jefferson Circuit Court (Common Pleas, First Division).

1. Damages—Collision of Automobile with Street Car—Injury to Employee of Salvage Corps—Proximate Cause—Negligence.—An automobile of the Louisville Salvage Corps running at thirty miles an hour, having run into a street car standing in the street which had been stopped by a policeman, an employee of the Salvage Corps hurt in the collision, cannot recover damages of the railroad company, the negligence of those in charge of the automobile being the proximate cause of the injury.

2. Damages—Recovery Against Salvage Corps—Assumed Risk—Negligence.—But he may recover of the Louisville Salvage Corps for his injuries, as he did not in entering its service, assume the risk of the negligent operation of the automobile by his superiors.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellant Railway Company.

KOHN, BINGHAM, SLOSS & SPINDLE for Salvage Corps.

ROBERT L. PAGE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing in Part and Affirming in Part.

The Louisville Fire and Protective Association is a private corporation controlled by the fire insurance companies doing business in the city of Louisville; its purpose is the maintenance of a salvage corps to save life and personal property at fires. An automobile owned by

it in charge of one of its officers was on its way to a fire, going south on Third Street at the rate of about thirty or thirty-five miles an hour. As the automobile approached Broadway, a street car came down Broadway. A policeman seeing the danger of a collision between the street car and the automobile signaled the car to stop. The car stopped, but was unable to do so until the front end of the car was near the center of Third Street. Those in charge of the automobile seeing the street car and assuming that it was going ahead, undertook to pass it; but as the car stopped, the automobile when it was turned eastward skidded against the car, breaking up the automobile and destroying it. Bernard Wehner, a subordinate employee of the salvage corps, who was in the automobile, was thrown out in the collision, and injured. He brought this suit against the Railway Company and the Protective Association to recover for his injuries. On a trial of the case he recovered a judgment against the Railway Company for $1,500, and against the Protective Association for $1,000. From this judgment each of the defendants appeal.

The occurrence is the same that was before us in the case of Louisville Railway Company v. Louisville Fire and Life Protective Association, 151 Ky., 644. That was a suit by the Protective Association to recover against the Railway Company, and we there held that there could be no recovery by it. We adhere to the conclusion we then reached. The street car had equal rights on the highway with the automobile of the Protective Association. The proximate cause of the accident was the reckless speed at which the automobile was run. The intersection of Third and Broadway is a much frequented point in the city and it was negligence to run an automobile at such speed upon this crossing where the presence of vehicles passing up and down Broadway was to be anticipated. The policeman seeing the danger, signaled the motorman of the street car to stop; the motorman obeyed his signal, as he should have done, because he had a right to assume that the officer was doing his duty. Those in charge of the automobile assumed that the street car was going ahead, and it is possible there would have been no trouble if the polcieman had not stopped the street car. But, however, this may be, the proximate cause of the accident was the reckless running of the automobile, and under the evidence, the circuit

court should have instructed the jury peremptorily to find for the railway company, as under the facts shown, it was in no wise responsible for the accident. The car was standing still when it had been stopped by order of the policeman, and the automobile skidded into it.

As to the Protective Association the recovery was proper. An officer of the company was on the front seat of the automobile by the side of the chauffeur, and was directing its movements. Wehner was a mere subordinate sitting in a rear seat, and being carried out to the fire to work there as a member of the salvage corps. He had no control of the automobile, and the negligent running of the automobile into the street car was not one of the risks of the service which he assumed. More care should have been exercised in approaching this much frequented crossing than was exercised by those in charge of the automobile. It is true that there is testimony for the defendant to the effect that they were only running ten or fifteen miles an hour, but the weight of the evidence is that they were running at least thirty miles an hour and this is confirmed by the circumstances.

The judgment as to the Railway Company is reversed and the cause remanded for further proceedings consistent herewith. The judgment on the appeal of the Protective Association is affirmed.